**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LEO WINER and MICHAEL J. PEPITONE, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> EAGLE BULLION GROUP, INC., ERIC ) <br> WEIGAND, MD; YOUNG FINANCIAL ) <br> INC.; INTEGRITY CAPITAL HOLDINGS ) <br> CO.; MICHAEL D. YOUNG; TERRY ) <br> SACKA; and SIDNEY SACKA, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:11-cv-01268-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion to Confirm Arbitration Award (ECF No. 39) filed by Plaintiffs Leo Winer and Michael J. Pepitone ("Plaintiffs"). Also pending before the Court is Plaintiffs' Motion for Entry of Default. (ECF No. 40.) Defendants failed to file a Response to either of these pending motions.

**I.   BACKGROUND**

Plaintiffs initiated this action in 2011, alleging various violations of the federal Commodities Exchange Act and various violations of Nevada and Florida state law. (Compl., ECF No. 1.) On November 1, 2011, this Court granted Defendants' Motion to Compel Arbitration. (Order, ECF No. 27.) At the conclusion of the arbitration proceedings, the arbitration panel awarded $34,692.32 to Plaintiff Winer and $48,321.20 to Plaintiff Pepitone, plus interest from August 31, 2010. (Mushkin Decl., Ex. 1, ¶¶ 9–10, ECF No. 39-2.) The arbitration award was served on all parties via email on August 21, 2013. (*Id.*, Ex. 3, ECF No. 39-3.) A short time thereafter, Plaintiffs filed a motion in this Court requesting that the Court enter an order confirming the arbitration award. (ECF No. 39.)

## II.     MOTION TO CONFIRM ARBITRATION AWARD

The Federal Arbitration Act ("FAA") requires that, whenever "a party seeks a judicial order confirming an arbitration award, 'the court must grant such an order unless the award is vacated, modified, or corrected . . . .'" *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 314 F.3d 987, 997 (9th Cir. 2003) (quoting 9 U.S.C. § 9).  The FAA permits vacatur of an arbitration award only when "the award was procured by corruption, fraud, or undue means"; "there was evident partiality or corruption in the arbitrators"; "the arbitrators were guilty of misconduct"; or "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(1)–(4).  The FAA authorizes a court to modify an arbitration award only when "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award"; "the arbitrators have awarded upon a matter not submitted to them"; or "the award is imperfect in matter of form not affecting the merits." 9 U.S.C. § 11(a)–(c).

Defendants have not filed any motion seeking to vacate or modify the arbitration award.  Similarly, Defendants failed to file an opposition to Plaintiffs' Motion.[1]  Accordingly, the Court finds no basis on which to vacate, modify, or correct this arbitration award.  Thus, the FAA requires that the Court GRANT Plaintiffs' Motion to Confirm Arbitration Award. *See* 9 U.S.C. § 9.

## III.    MOTION FOR ENTRY OF DEFAULT

Plaintiffs also filed a motion requesting that the Court enter default against Defendants in this action because of Defendants' failure to pay the arbitration award. (Mot. for Default, ECF No. 40.)  The Court first recognizes that Plaintiffs' Motion lacks any citation to case law

---

[1] The Court also notes that Rule 7-2(d) of the Local Rules of Practice of the United States District Court for the District of Nevada provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  Therefore, under Local Rule 7-2(d), by failing to file a Response to Plaintiffs' Motion to Confirm Arbitration Award, Defendants have consented to the granting of Plaintiffs' Motion.

or even a citation to Rule 55 of the Federal Rules of Civil Procedure. *See* D. Nev. LR 7-2(d) ("The failure of a moving party to file points *and authorities* in support of the motion shall constitute a consent to the *denial* of the motion." (emphasis added)).  Furthermore, under Rule 55, an entry of default is appropriate only when a party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  Based on Defendants' past activity in this case, the Court cannot conclude that Defendants failed to plead or defend this action.  An entry of default is not the appropriate remedy for Defendants' failure to pay the arbitration award.  Accordingly, Defendants' Motion for Entry of Default (ECF No. 40) is **DENIED**.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Confirm Arbitration Award (ECF No. 39) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Entry of Default (ECF No. 40) is **DENIED**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this __30__th day of June, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge